## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RIVER TRANSPORT SERVICES, L.L.C.** | * | CIVIL ACTION NO. |
|        **Plaintiff,** | * | |
| | * | SECTION "___" |
| | * | |
| **VERSUS** | * | MAG. DIV. (___) |
| | * | |
| **NORDBAY SHIPPING CV, REEDEREI** | * | |
| **NORD BV, and THE SWEDISH CLUB** | * | |
| *in personam* | * | |
| | * | |
| **M/T NORDBAY, her engines,** | * | |
| **tackle, appurtenances, etc.** | * | |
| *in rem* | * | |
|        **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **VERIFIED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes plaintiff River Transport Services, L.L.C. ("RTS"), and files this its Verified Complaint against defendants, Nordbay Shipping CV, Reederei Nord BV, and The Swedish Club, *in personam*, and M/T NORDBAY, *in rem*, and upon information and belief, alleges as follows:

1.

This is an admiralty and maritime claim within the jurisdiction of this Honorable Court under 28 U.S.C. § 1333 and is brought pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.

Venue is proper in this Court because the facts, events and circumstances giving rise to the claims occurred within this District and within the jurisdiction of this Honorable Court.

3.

At all pertinent times, plaintiff RTS was and is a lawfully organized company pursuant to the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana.

4.

At all pertinent times, RTS was the owner of a dock facility with adjacent breasting dolphins located in the Mississippi River in Jefferson, Louisiana (the "Facility").

5.

Made Defendants herein are:

a) Nordbay Shipping CV ("NSCV"), which upon information and belief is and at all relevant times was a foreign business entity organized and existing in accordance with the laws of Netherlands, with its principal place of business at Stadionweg 192, 1077 TC Amsterdam, Netherlands. NSCV is amenable to suit *in personam*, among other reasons, pursuant to the provisions of the Louisiana Watercraft Statute, La. R.S. 13:3479, et seq., and at all material times was an owner of the tanker ship M/T NORDBAY, which upon information and belief, has IMO Number 9319870;

b) Reederei Nord BV ("RNBV"), which upon information and belief is and at all relevant times was a foreign business entity organized and existing in accordance with the laws of Netherlands, with its principal place of business at Alpha Tower, De Entree 53, 1101 BH Amsterdam, Netherlands. RNBV is amenable to suit in personam, among other reasons, pursuant to the provisions of the Louisiana Watercraft Statute, La. R.S.

13:3479, et seq., and at all material times was upon information and belief, an owner and/or manager and/or operator of the tanker ship M/T NORDBAY;

c) The Swedish Club ("TSC"), which upon information and belief is and at all relevant times was a foreign business entity, with its principal place of business at Gullbergs Strandgata 6, SE-411 04 Gothenberg, Sweden, that upon information and belief, provides and at all relevant times provided insurance to NSCV and/or RNBV covering the liabilities, claims and causes of action asserted herein, and as such can be sued by RTS pursuant to the Louisiana Direct Action Statute, La. R.S. 22:655.

e) The M/T NORDBAY, a tanker vessel engaged in the carriage of goods by sea for hire between various foreign and domestic ports, and a bulk carrier of Cyprus flag, built in 2007, and bearing IMO No. 9319870 which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

6.

On or about February 2, 2016, the M/T NORDBAY proceeded around a bend in the Mississippi River in the vicinity of the Facility.

7.

While proceeding, the M/T NORDBAY made contact with the Facility.

8.

As a result of this contact, the Facility was destroyed.

9.

The above-described allision and resulting damage was caused by the unseaworthiness of the M/T NORDBAY, which vessel was operated negligently, contrary to law and customary

practice, for which the M/T NORDBAY is liable *in rem*, and its owners, managers, operators and insurers are liable, *in personam*.

10.

The above-described allision and damages were not caused or contributed to by any fault or neglect or want of care on the part of RTS or of anyone for whose conduct RTS is responsible, but rather, were the result of and caused solely by fault, neglect and lack of care on the part of the M/T NORDBAY and those in charge of her, in the following respects, among others, which will be shown more particularly at trial:

    a) The M/T NORDBAY was unseaworthy;

    b) The M/T NORDBAY had persons in charge of its navigation who were careless, incompetent or inattentive to their duties;

    c) The owners and managers of the M/T NORDBAY negligently and carelessly assigned an inadequate and incompetent crew to the vessel;

    d) The officers and crew of the M/T NORDBAY were incompetent and improperly trained;

    e) The owners and managers of the M/T NORDBAY failed to maintain, inspect and/or replace the vessel's equipment to ensure its safe condition;

    f) Those aboard the M/T NORDBAY failed to maintain a proper lookout and failed to take necessary steps to avoid an allision when the danger of an allision was apparent;

    g) Those aboard the M/T NORDBAY failed to operate the M/T NORDBAY at a safe speed for prevailing circumstances and conditions;

    h) Other negligence or violations of statutes or regulations designed to prevent casualties of this type that shall be proven at the trial of this cause.

11.

RTS specifically pleads the doctrine of res ipsa loquitor and all facts, laws, and legal presumptions which arise from the fact that defendants NSCV and/or RNBV were in exclusive control of the M/T NORDBAY when it struck a stationary object, the instrumentalities causing the accident and damages referred to above, and because the incident described herein is the type of casualty which would not have occurred in the absence of fault and negligence by such defendants.

12.

As a result of the contact of the M/T NORDBAY with the Facility, RTS suffered physical damages to the Facility, loss of use of the Facility, and other damages and expenses, in an amount that exceeds $3,300,000, as nearly as can presently be estimated, no part of which has been paid by any defendant.  RTS reserves the right to supplement this number to increase the amount of damages, should same be necessary.

13.

As a result, the M/T NORDBAY, *in rem*, is liable to RTS for its damages, together with attorneys' fees, costs, and expenses, to be determined by this Honorable Court.

14.

Further, Nordbay Shipping CV, Reederei Nord BV and The Swedish Club are liable *in personam* to RTS for its damages, together with attorneys' fees, costs, and expenses, to be determined by this Honorable Court.

15.

RTS alleges that it is entitled to a maritime lien against the M/T NORDBAY for the above amounts.

16.

RTS further seeks to invoke and enforce the attached Letter of Undertaking, by hereby demanding that the M/T NORDBAY make an appearance in this proceeding and make payment on the damages owed. *See attached Exhibit "A," Letter of Undertaking*.

17.

RTS specifically reserves the right to amend and supplement this Verified Complaint as further information and facts become available.

**WHEREFORE**, RTS respectfully prays:

a) That process in due form of law issue against the M/T NORDBAY, her engines, tackle, furniture, apparel and appurtenances *in rem*, citing all persons claiming any right, title or interest therein to appear and answer all and singular the matters aforesaid;

b) That process in due form of law issue against Nordbay Shipping CV, Reederei Nord BV and The Swedish Club *in personam*, citing them to appear and answer all and singular the matters aforesaid;

c) That after due proceedings be had, there be judgment in favor of RTS and against the M/T NORDBAY, *in rem*, and against Nordbay Shipping CV, Reederei Nord BV and The Swedish Club *in personam*, in such amounts as may be proved herein, together with interest, costs and attorneys' fees;

d) That the maritime lien of RTS be recognized and enforced with preference and priority over all other claimants and/or intervenors, and that the M/T NORDBAY, her engines, tackle and apparel, etc., be seized, condemned and sold under the direction of this Honorable Court, and the proceeds of the sale be used to satisfy RTS's judgment;

e) For all such other and further relief as justice and equity may require.

Respectfully submitted,

   /S/ BRUCE BROWN
**BRUCE BROWN, T.A. (#19501)**
**WILLIAM MIZELL (#36589)**
     Of
**COLEMAN, JOHNSON, ARTIGUES & BROWN, L.L.C.**
321 St. Charles Avenue, 10th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1979
Email: Lanebrown@cjajlaw.com
**Counsel for Plaintiff:**
**River Transport Services, L.L.C.**

**PLEASE WITHHOLD *IN REM* SERVICE UNTIL FURTHER NOTICE**

M/T NORDBAY, its engines, tackle, etc.



Independent Maritime Consulting
2425 Post Road (Suite 301)
Southport, CT 06490, USA
Tel:  203-256-1000
Fax: 203-256-1020

February 16, 2016

River Transport Services, L.L.C.
c/o Mr. Lane Brown
Coleman, Johnson, Artigues & Jurisich, L.L.C.
321 St. Charles Avenue
10th Floor Suite
New Orleans, LA  70130

      Re:    M/T NORDBAY – Alleged damage to River Transport Services dock structure near Mile 104 and Orleans/Jefferson Parish Line – 2 February 2016

Gentlemen:

In consideration for your refraining from the arrest of M/T NORDBAY and refraining from attaching any property belonging to the owner of said vessel in connection with your claim of contact with your River Transport Services, L.L.C. wharf facility, we agree, on behalf of The Swedish Club, vessel lost or not lost, in or out of the jurisdiction:

(1)  To cause to be filed on your demand an appearance on behalf of NORDBAY, in rem, and an in rem claim to that vessel by the proper claimant, in any suit you may file in the United States District Court for the Eastern District of Louisiana, on or before the first anniversary of the alleged contact, 2 February 2017, against NORDBAY, in rem.

(2)  To cause to be filed on your demand a corporate surety bond in an amount and sufficiency of surety to be agreed upon, or failing an agreement, as may be determined by the Court, but in no event to exceed the aggregate total sum of ONE

EXHIBIT A

MILLION FOUR HUNDRED NINETY-FIVE THOUSAND AND NO/100 ($1,495,000.00) DOLLARS, inclusive of interest and costs, as security for your claimed damage in the suit referred to in sub-paragraph (1), supra, that you may file against NORDBAY, in rem.

(3)  To cause the payment of any judgment that may be rendered in said civil action in favor of River Transport Services, L.L.C., and against NORDBAY, in rem, up to and including the aggregate total sum of ONE MILLION FOUR HUNDRED NINETY-FIVE THOUSAND AND NO/100 ($1,495,000.00) DOLLARS, inclusive of interest and costs, after appeal, if any, or to cause the payment of any settlement agreed upon as approved by the undersigned, up to and including the foregoing sum.

(4)  It is understood and agreed between the parties to this undertaking that the aggregate total sum of ONE MILLION FOUR HUNDRED NINETY-FIVE THOUSAND AND NO/100 ($1,495,000.00) DOLLARS, inclusive of interest and costs, either by way of bond or under this obligation, can be reduced by the agreement of the parties to this undertaking or, failing said agreement, by order of the Court during the pendency of this obligation.

(5)  It is the intention of this undertaking and guarantee that it be substitute security in lieu of a corporate surety bond, as though NORDBAY had been arrested under process issued by the United States District Court for the Eastern District of Louisiana, and had been released upon the filing of a corporate surety bond on 2 February 2016, reserving on behalf of said vessel, her owners and underwriters, all their defenses, including but not limited to denial of all liability for the claimed damage to River Transport Services, L.L.C., as well as NORDBAY owners' and underwriters' right to petition for exoneration from and/or limitation of liability.

(6)  In the event that the bond referred to in sub-paragraph (2), supra, is filed, then the undersigned Association shall no further obligation under sub-paragraph (3), supra.

This undertaking and appearances pursuant to this undertaking shall not be construed as a general appearance of NORDBAY or her in rem claimant, and is restricted to this claim of River Transport Services, L.L.C., and this jurisdiction.

IT IS UNDERSTOOD AND AGREED that the issuance of this letter by INDEPENDENT MARITIME CONSULTING LLC. is not to be construed as binding upon them, but is to be binding only upon The Swedish Club

This letter is written entirely without prejudice to any rights of defenses which the said vessel or her Owners may have, none of which are to be regarded as waived..

Very truly yours,

THE SWEDISH CLUB
Gothenberg, Sweden

2

EXHIBIT A

BY:

INDEPENDENT MARITIME CONSULTING LLC.

_____

Donald E. Messick
Principal Clams Consultant

    (As Attorney-in-Fact for the above limited purpose
    as per written authority of THE SWEDISH CLUB)

3

EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RIVER TRANSPORT SERVICES, L.L.C.** <br> Plaintiff, | * <br> * <br> * <br> * | CIVIL ACTION NO. <br><br> SECTION "___" |
| **VERSUS** | * <br> * | MAG. DIV. (___) |
| **NORDBAY SHIPPING CV, REEDEREI NORD BV, and THE SWEDISH CLUB** <br> *in personam* | * <br> * <br> * <br> * | |
| **M/T NORDBAY, her engines, tackle, appurtenances, etc.** <br> *in rem* <br> Defendants. | * <br> * <br> * <br> * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, on this day personally appeared Robert Dupuy who, after being duly sworn, did depose and say the following:

(1)  That he is the Manager of River Transport Services, L.L.C. and is in all respects competent to execute this Verification.

(2)  That he has read the foregoing Verified Complaint and knows the contents thereof, and that the same are true and correct to the best of his knowledge.

(3)  That his knowledge is based upon personal knowledge and from the performance of his duties as Manager of River Transport Services, L.L.C.

(4)     That he is authorized by River Transport Services, L.L.C. to make this Verification.

_____
ROBERT DUPUY

SUBSCRIBED AND SWORN to before me this 24TH day of January, 2017.

_____
NOTARY PUBLIC

BRUCE BROWN
Notary Public ID # 40269
Embossed hereon is my Orleans Parish,
State of LA. Notary Public Seal.
My commission is issued for life.

2